PER CURIAM.
The facts of this case as stipulated to by the parties are as follows:
Act 795, Acts of Alabama, 1973, applicable to Etowah County, provided an expense allowance for “elected or appointed county officials,” defined as “persons who might otherwise be considered State officers and whose salaries are paid fully or partially by the State but who are elected by or appointed by persons elected by the electors of such counties and whose salaries are set by local act of by general act of local application.” After passage of this act, the Circuit Clerk of Etowah County began receiving an expense allowance. Since January 17, 1977, the effective date of the Judicial Article Implementation Act, the Circuit Clerk has not received an expense allowance.
The issue before the Court is whether the Act 795 expense allowance, as applicable to the Circuit Clerk, was abrogated by the passage of the Judicial Article Implementation Act. Plaintiff contends that the Legislature did not intend to affect her expense allowance by passage of the Act. Defendants contend that Plaintiff’s office no longer comes within the express definition of offices which receive the expense allowance under Act 795.
The trial court held that the plaintiff, Dolores Parsons, was entitled to a sum equivalent to the amount she would have received under the expense allowance previously payable to her pursuant to Act 795, reasoning as follows:
The Court is of the opinion and concludes that, at the time of its passage in 1973, Act 795 applied to authorize an expense allowance to be paid to the Circuit Clerk of Etowah County and that § 7 — 104 of the Judicial Article Implementation Act has not “abrogated” or rendered ineffective such expense allowance to the office of Circuit Clerk of Etowah County.
The Court is of the opinion and concludes that § 7 — 104(b) of the Judicial Article Implementation Act [§ 12-17— 92(b) Code of Alabama 1975] manifests an intention by the Legislature to preserve such expense allowance as was provided by Act 795 for the Circuit Clerk of Etowah County; that by employing the words “supplemental salary” the second time in said § 7-104(b) of the Judicial Article Implementation Act, the word “salary” was not used in such a limited sense as to exclude legal expense allowance.
We do not deem it necessary to decide whether § 7-104(b) of the Judicial Article Implementation Act (Code 1975, § 12-17-92(b)) manifests an intention by the Legislature to preserve the expense allowance as provided for in Act 795, by employing the *43 term “supplemental salary” in a broad enough sense so as to include the term “expense allowance.” We hold that Act 795 no longer applies to the circuit clerk of Etowah County and therefore reverse and render. Section 5 of Act 795, Acts of Alabama, 1973, provides:
In all counties having a population of not less than 90,000 nor more than 100,-000, according to the most recent federal decennial census, all elected or appointed county officials shall receive an expense allowance in accordance with the provisions of Sections 6, 7 and 8 of this act to cover the expenses associated with their offices. “Elected or appointed county officers” is to be interpreted so as to include persons who might otherwise be considered state officers and whose salaries are paid fully or partially by the state, but who are elected by or appointed by persons elected by the electors of such counties and whose salaries are set by local act or by general act of local application. “Elected or appointed county officers” shall not be interpreted to include the county superintendent of education, members of the county board of education, or any employee of the county board of education, nor shall same be deemed to include any attorney, engineer, architect or other professional consultant employed on a part time basis by any county board or body, or the members of any appointed board. There shall be a conclusive presumption of law that there is a reasonable relationship between the allowances received in accordance with the provisions hereof and the expenses associated with the offices of the persons receiving such allowances.
Act 795, Acts of Alabama, 1973 (emphasis added).
Since the passage of the Judicial Article Implementation Act, the salary of the plaintiff, circuit clerk of Etowah County, has no longer been set by a local act or a general act of local application, but rather by general act. Section 7-104, Act 1205, Acts of Alabama, 1975. Thus, the office of circuit clerk is presently not one of the described offices entitled to receive the benefits of § 5, Act 795, Acts of Alabama, 1973.
REVERSED AND RENDERED.
TORBERT, C. J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
BLOODWORTH, J., not sitting.